# UNITED STATES DISTRICT COURT
## for the
### EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Sonya Lenise Davis**                    **Docket No. 5:23-CR-299-1M**

### Petition for Action on Supervised Release

COMES NOW Arthur B. Campbell, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Sonya Lenise Davis, who, upon an earlier plea of guilty to Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. §§ 1349 and 1343, was sentenced by the Honorable Richard E. Myers II, Chief United States District Judge, on April 22, 2025, to the custody of the Bureau of Prisons for a term of 6 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 36 months.

Sonya Lenise Davis was released from custody on November 7, 2025, at which time the term of supervised release commenced.

At sentencing, the defendant was ordered to abide by mandatory, standard, and special conditions of supervised release. Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. §§ 3583(c) and (e)(2). Based on this assessment, it is recommended that the defendant be subject to the mandatory conditions that were imposed at sentencing, the standard conditions, as referenced in the current standing order for the Eastern District of North Carolina, and the below special conditions, as well as any other conditions previously imposed by means of prior court action during the term of supervision.

## IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4. You must answer truthfully the questions asked by your probation officer.

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about work (such as position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

**IT IS THE FURTHER ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:**

1. The defendant shall abide by all conditions and terms of the home detention program for a period not to exceed 12 consecutive months. The defendant shall be restricted to her residence at all times except for pre-approved and scheduled absences for employment, education, religious activities, treatment, attorney visits, court appearances, court obligations or other activities as approved by the probation officer. The court authorizes the defendant to engage in any necessary medical visits or treatment for her mother as a caregiver. The defendant shall submit to monitoring to be determined by the probation officer and abide by all program requirements, instructions and procedures provided by the supervising probation officer. The defendant shall pay for location monitoring services as directed by the probation officer.

2. The defendant shall not incur new credit charges or open additional lines of credit without approval of the probation office.

3. The defendant shall provide the probation office with access to any requested financial information.

4. The defendant shall submit to a search, at any time, with or without a warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and personal effects upon reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions. The court notes that the Fourth Circuit precedent may require a probation officer have some particularized suspicion to render certain searches lawful, and the court imposes lawful searches.

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

Based on the individualized assessment of this case, it is respectfully recommended that the defendant comply with the above conditions.

The defendant signed a Waiver of Hearing acknowledging and agreeing to the standard and special conditions as outlined above.

In addition, the defendant's original term of supervised release included conditions requiring her to abide by the terms of the home detention program for a period not to exceed 12 consecutive months and to submit to monitoring as directed by the probation officer. Since her release from incarceration, the defendant has made regular payments toward her financial obligation and has remained in full compliance with all terms of supervised release, including home detention with electronic monitoring. Given her continued compliance and adjustment under supervision, the probation office recommends that the defendant's condition requiring home detention with electronic monitoring be stricken.

**PRAYING THAT THE COURT WILL ORDER** the defendant be continued under supervision and subject to the above listed conditions of supervision except as requested below. To the extent that any of these conditions vary from those imposed at the time of sentencing, based on the individualized assessment conducted, these conditions replace those originally imposed.

**FURTHER PRAYING THAT THE COURT WILL ORDER** that the conditions of supervision be modified as follows:

1. Home Detention with electronic monitoring, for a period of 12 consecutive months be stricken from the conditions of supervision.

In consultation with the probation officer the court has conducted an individualized assessment and herein modified, the judgment shall remain in full force and effect.

Sonya Lenise Davis
Docket No. 5:23-CR-299-1M
Petition For Action
Page 4


Reviewed and approved,

I declare under penalty of perjury that the foregoing is true and correct.


/s/ Maurice J. Foy
Maurice J. Foy
Supervising U.S. Probation Officer

/s/ Arthur B. Campbell
Arthur B. Campbell
U.S. Probation Officer
310 New Bern Avenue, Room 610
Raleigh, NC 27601-1441
Phone: 919-861-8677
Executed On: May 12, 2026

## ORDER OF THE COURT

Considered and ordered this __12th__ day of __May__, 2026, and ordered filed and made a part of the records in the above case.

Richard E. Myers II
Chief United States District Judge